UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
PLUMBERS, PIPEFITTERS & MES LOCAL  :   Civil Action No. 1:11-cv-05097-JFK
UNION NO. 392 PENSION FUND, On Behalf :
Of Itself And All Others Similarly Situated,  :
                                 :
              Plaintiff,    :
                                 :
    vs.                         :
                                 :
FAIRFAX FINANCIAL HOLDINGS     :
LIMITED, ODYSSEY RE HOLDINGS     :
CORP., V. PREM WATSA, TREVOR J.    :
AMBRIDGE, GREG TAYLOR, M. JANE   :
WILLIAMSON, ROBERT HARTOG,     :
ANTHONY F. GRIFFITHS, BRADLEY P.   :
MARTIN, BRANDON SWEITZER, and    :
PRICEWATERHOUSECOOPERS, LLP     :
CHARTERED ACCOUNTANTS, TORONTO :
ONTARIO, CANADA,                 :
                                 :
              Defendants.   :
                                 :
———————————————————— x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PLUMBERS, PIPEFITTERS & MES LOCAL UNION NO. 392 PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

## I.        PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action"), brought on behalf of all purchasers of securities listed or registered on an American exchange and issued by Fairfax Financial Holdings Limited ("Fairfax" or the "Company") between and including May 21, 2003 and March 22, 2006 (the "Class Period").  The Action also alleges violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§77z-1 and 78u-4, *et seq*.) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund ("Local 392") hereby moves this Court for an Order to: (i) appoint Local 392 as Lead Plaintiff in the Action pursuant to 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B); and (ii) approve Local 392's selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Grant & Eisenhofer P.A. ("Grant & Eisenhofer") and Labaton Sucharow LLP ("Labaton Sucharow") to serve as Co-Lead Counsel pursuant to 15 U.S.C. §§77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v).

This motion is made on the grounds that Local 392 is the most adequate plaintiff, as defined by the PSLRA.  Local 392 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA.  *See Ferrari v. Impath, Inc*., No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Local 392 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

During the Class Period, Local 392 incurred a substantial $32,068.20 loss on its transactions in Fairfax securities. *See* Alba Decl., Ex. B.[1] In addition, Local 392, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND

Fairfax is a financial services holding company which, through its subsidiaries, is engaged in property and casualty insurance and reinsurance, investment management and insurance claims management.

The complaint charges Fairfax and certain of its officers and directors with violations of the Securities Act and the Exchange Act.  The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business practices and financial results.  Specifically, Fairfax defrauded investors by inflating the value of its assets and concealing its lack of liquidity over the course of several years by fraudulently accounting for reinsurance contracts which were, in essence, loans by, among other things: (i) failing to employ adequate risk transfer tests to determine if reinsurance contracts qualified for "reinsurance" rather than "deposit" accounting; (ii) maintaining ineffective controls while assuring investors that the Company's controls were effective; (iii) using privately held foreign assets domiciled in jurisdictions with lax oversight to permit the Company to manipulate its investment income; (iv) failing to properly account for losses in companies that should have been consolidated with Fairfax;

---

[1]    References to the "Alba Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated September 23, 2011 and submitted herewith.

(v) improperly accounting for intercompany transactions; and (vi) using "investments" to funnel money to cash strapped subsidiaries.

On March 22, 2006, Fairfax revealed that the SEC had subpoenaed records of all of Fairfax's finite reinsurance contracts in the previous year and that the SEC had subpoenaed V. Prem Watsa, Fairfax's Chairman and Chief Executive Officer, in connection with his denials of Fairfax's use of finite reinsurance contracts. Fairfax's March 2006 announcement also disclosed that the Company's auditor, PricewaterhouseCoopers LLP Chartered Accountants, Toronto, Ontario Canada, received a subpoena from the SEC. In response to these disclosures, the price of Fairfax stock fell $19.97 per share, or 13%, to close at $113.93 per share, representing a decline in market capitalization of approximately $300 million. Then, on July 29, 2006, Fairfax revealed that the Company would have to restate its financials going back to 2001.

## III.    ARGUMENT

### A.    Local 392 Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act/Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§77z-1(a)(1) and (a)(3)(B)(i); 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §§77z-1(a)(3)(A)(i) and 78u-4(a)(3)(A)(i). Local 392 caused notice regarding the pendency of the Action to be published on *Business Wire*, a national, business oriented newswire service, on July 25, 2011. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the

Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §§77z-1(a)(3)(A) and (B); 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§77z-1(a)(3)(B)(iii) and 78u-4(a)(3)(B)(iii).  *See Foley v. Transocean*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

### 2.   Local 392 Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a.   Local 392 Has Complied with the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§77z-1(a)(3)(A) and (B); 78u-4(a)(3)(A) and (B) expires on September 23, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on July 25, 2011, Local 392 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Local 392 has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class.  *See* Alba Decl., Ex. C.  In addition, Local 392 has

selected and retained competent counsel to represent itself and the class.  *See* Alba Decl., Exs. D-F.
Accordingly, Local 392 has satisfied the individual requirements of 15 U.S.C. §§77z-1(a)(3)(B) and
78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval
of selection of Co-Lead Counsel as set forth herein, considered and approved by the Court.

**b.      Local 392 Is Precisely the Type of Lead Plaintiff
Congress Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large,
organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.
Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference
Committee believes that increasing the role of institutional investors in class actions will ultimately
benefit shareholders and assist courts by improving the quality of representation in securities class
actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a
large financial stake in the outcome of the litigation, would be beneficial because institutional
investors with a large financial stake are more apt to effectively manage complex securities
litigation.  Local 392, as an institutional investor, is precisely the type of Lead Plaintiff Congress
envisioned when it passed the PSLRA.  *See id.*

**c.      Local 392 Has the Requisite Financial Interest in the
Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, its signed certification, Local
392 incurred a substantial  $32,068.20 loss on its transactions in Fairfax securities.  *See* Alba Decl.,
Ex. B.  Local 392 thus has a significant financial interest in this case.  Therefore, Local 392 satisfies
all of the PSLRA's prerequisites for appointment as Lead Plaintiff in the Action and should be
appointed Lead Plaintiff pursuant to 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B).

### 3.      Local 392 Otherwise Satisfies Rule 23

According to 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). Local 392 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc*., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co*., 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does

not destroy typicality, as similarity of legal theory may control even in the face of differences of fact."). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

Local 392 satisfies this requirement because, just like all other class members, it: (1) purchased Fairfax securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Local 392's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Local 392 to represent the class to the existence of any conflicts between the interest of Local 392 and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Local 392 is an adequate representative of the class. As evidenced by the injuries suffered by Local 392 and the class, the interests of Local 392 are clearly aligned with the members of the class, and there is no evidence of any antagonism between Local 392's interests and those of the other members of the class. Further, Local 392 has taken significant steps that demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Local 392's proposed Co-Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus,

Local 392 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.      The Court Should Approve Local 392's Choice of Counsel

Pursuant to 15 U.S.C. §§77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Local 392 has selected the law firms of Robbins Geller, Grant & Eisenhofer and Labaton Sucharow as Co-Lead Counsel.   Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action.  *See* Alba Decl., Ex. D.  Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country.  It is not surprising that Defendants have not argued that counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities. . . throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006). Moreover, Robbins Geller attorneys have served as lead counsel in hundreds of securities cases and have recovered over $45 billion for defrauded shareholders.  These representations have resulted in: (i) the largest stock option backdating recovery: *UnitedHealth*, $925 million; (ii) the largest opt-out (non-class) securities litigation recovery: *WorldCom*, $651 million; and (iii) the largest merger and acquisition class action recovery: *Kinder Morgan*, $200 million.

Grant & Eisenhofer is among the preeminent securities class action law firms in the country and is currently serving as lead or co-lead counsel in several complex securities fraud cases involving, *inter alia*, Satyam, Pfizer, UBS, Alstom, Merck and Refco.  Grant & Eisenhofer has achieved national recognition in representing institutional investors, particularly public pension

funds, in federal securities fraud and related litigation.  As lead counsel, the firm has recovered and collected over six billion dollars for shareholders.  Grant & Eisenhofer has been lead counsel in some of the largest securities class actions in history, and in the case with the largest recovery in the long history of the Delaware Court of Chancery.  *See* Alba Decl., Ex. E.

Labaton Sucharow has excelled as lead counsel in numerous important actions on behalf of defrauded investors.  Labaton Sucharow is lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it recently achieved settlements-in-principle totaling approximately $1 billion.  In addition, Labaton Sucharow is lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which resulted in a settlement of $624 million – the largest securities fraud settlement arising from the financial crisis of 2007 to 2008.  Labaton Sucharow is currently serving as the court-appointed lead or co-lead counsel in the securities fraud cases against The Bear Stearns Cos., Inc., Federal National Mortgage Association (Fannie Mae), Satyam Computer Services Ltd., and Goldman Sachs Group, Inc., among other significant investor litigations.  In *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-2237, Hr'g Tr. at 24:25-25:1 (S.D.N.Y. June 14, 2007), Judge Jed S. Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation."  *See* Alba Decl., Ex. F.

Accordingly, the Court should approve Local 392's selection of Co-Lead Counsel.

## IV.    CONCLUSION

For all the foregoing reasons, Local 392 respectfully requests that the Court:  (i)  appoint Local 392 as Lead Plaintiff in the Action;  (ii) approve its selection of Co-Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  September 23, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.


_____
            */s/ Mario Alba Jr.*
            MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
malba@rgrdlaw.com

GRANT & EISENHOFER P.A.
JAY W. EISENHOFER
GEOFFREY C. JARVIS
CHARLES T. CALIENDO
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: 646/722-8500
646/722-8501 (fax)
jeisenhofer@gelaw.com
gjarvis@gelaw.com
ccaliendo@gelaw.com

LABATON SUCHAROW LLP
JONATHAN M. PLASSE
JAVIER BLEICHMAR
ALAN I. ELLMAN
KEVIN L. OBERDORFER
140 Broadway, 34th Floor
New York, NY 10005
Telephone 212/907-0700
212/818-0477 (fax)
jplasse@labaton.com
jbleichmar@labaton.com
aellman@labaton.com
koberdorfer@labaton.com

*[Proposed]Co-Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that, on September 23, 2011, I caused a true and correct copy of the attached:

> Notice of Motion of Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel;
>
> Memorandum of Law in Support of the Motion of Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

_/s/ Mario Alba Jr._
Mario Alba Jr.