**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
PLUMBERS, PIPEFITTERS & MES LOCAL       :
UNION NO. 392 PENSION FUND, On          :
Behalf Of Itself And All Others         :
Similarly Situated,                     :
                                        :
                  <u>Plaintiff</u>,     :
                                        :    No. 11 Civ. 5097 (JFK)
     -against-                          :
                                        :    **MEMORANDUM OPINION & ORDER**
FAIRFAX FINANCIAL HOLDINGS LIMITED,     :
ODYSSEY RE HOLDINGS CORP, V. PREM       :
WATSA, TREVOR J. AMBRIDGE, GREG         :
TAYLOR, M. JANE WILLIAMSON,             :
ROBERT HARTOG, ANTHONY F.               :
GRIFFITHS, BRADLEY P. MARTIN,           :
BRANDON SWEITZER, and                   :
PRICEWATERHOUSECOOPERS,LLP,             :
CHARTERED ACCOUNTANTS,                  :
TORONTO ONTARIO, CANADA,                :
                                        :
                  <u>Defendants</u>.    :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/11

**JOHN F. KEENAN, United States District Judge:**

　　Before the Court is Plaintiff Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund's ("Plaintiff" or "Local 392") motion for appointment as lead plaintiff and approval of selection of class counsel.

### I. Background

　　This proposed securities class action is brought on behalf of all purchasers of securities issued by Defendant Fairfax Financial Holdings Limited ("Defendant" or "Fairfax") from May 21, 2003 to March 22, 2006 (the "class period"). Fairfax is a financial services holding company, which, through its

subsidiaries, is engaged in property and casualty insurance and reinsurance, investment management, and insurance claims management.

The complaint in this action, filed on July 25, 2011, asserts that Fairfax and several of its directors and officers violated §§ 11 and 15 of the Securities Act of 1933 and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934.  Plaintiff alleges that during the class period, Fairfax issued materially false and misleading statements regarding the Company's business practice and financial results.

Concurrent with the filing of this complaint, notice of this action was published on <u>Business Wire</u> informing would-be members of the proposed class of their ability to move within sixty days to serve as lead plaintiff, in accordance with the procedures set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-(4)(a)(3)(B).  The sixty-day period in which class members could move to be appointed as lead plaintiff expired on September 23, 2011.

Only one party has moved for appointment as lead plaintiff and to designate its selection of representation as lead counsel within this sixty-day period.  Presently before the Court is the timely motion of Local 392, which purchased Fairfax securities during the class period, to be appointed as lead plaintiff. Local 392 also moves to have the law firms of Robbins Geller

Rudman & Dowd LLP, Grant & Eisenhofer P.A., and Labaton Sucharow LLP appointed as co-lead counsel, pursuant to 15 U.S.C. § 78u-(4)(a)(3)(B)(v).  For the reasons set forth below, the Court appoints Local 392 as lead plaintiff and approves its selection of co-lead counsel.

## II. Discussion

### A. Statutory Overview

The PSLRA requires the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a rebuttable presumption that the most adequate plaintiff is that "person or group of persons" who (1) "has either filed the complaint or made a motion in response to a [published] notice;" (2) "in the determination of the court, has the largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C.A. § 78u4(a)(3)(B)(iii)(I)(aa)-(cc).  If this presumption is not rebutted by another class member, the court may then appoint as lead plaintiff the party that best satisfies these requirements.  After the lead plaintiff is chosen, the PSLRA provides that the lead plaintiff "[s]hall, subject to the approval of the court,

select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B. Financial Interest

Local 392 has submitted affidavits along with its moving papers in support of its claim that it has suffered a "significant" financial loss, which it calculates to be $32,068.20. Without access to the financial information of the other parties, the Court must conclude that Local 392's alleged loss renders it suitable to serve as lead plaintiff. See Bassin v. Decode Genetics, Inc., 230 F.R.D. 313 (S.D.N.Y. 2005) (accepting movant's affidavits of its alleged financial losses as true and appointing the movant, the only party to make a timely filing, as lead plaintiff).

### C. Rule 23 Requirements

Next, the Court will analyze Local 392's eligibility for lead plaintiff under Rule 23(a). Typicality and adequacy are the only Rule 23 criteria that are relevant in determining the lead plaintiff under the PSLRA. Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche Co. Inc., 229 F.R.D. 395, 412 (S.D.N.Y. 2004). In a motion for appointment as lead plaintiff, a class member need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. In re Crayfish Co. Sec. Litig., No. 00 Civ. 6766, 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002).

### 1. Typicality

The requirement of typicality is met if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992) (citations omitted). A lead plaintiff's claims "need not be identical to the claims of the class to satisfy the typicality requirement." Pirelli, 229 F.R.D. at 412.

The typicality requirement is easily met here. Local 392, like the other purported plaintiffs in this lawsuit, has asserted that it purchased Fairfax securities during the class period and was injured by false and misleading representations made by defendants in violation of the Securities and Exchange Acts. Moreover, despite minor variations in factual allegations, each class member will make similar legal arguments.

### 2. Adequacy

Rule 23's adequacy requirement is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "In this examination, the Court scrutinizes (1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has

interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (internal citations and quotation marks omitted).

The Court is convinced that Local 392 "will fairly and adequately protect the interests of the class." Local 392 has indicated in its motion papers that it is willing to assume the responsibilities of lead plaintiff and seek to protect the members of its class. To that end, it has selected counsel whose résumés reflect expertise in handling complex securities litigation. Additionally, Local 392 does not appear to have any interests antagonistic to the class's interests.

### D. Approval of Lead Counsel

The PSLRA provides that the lead plaintiff shall select and retain counsel to represent the class, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The statute "'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (quoting In re Cendant Corp. Litig., 264 F.3d 201, 276 (3d Cir. 2001)). The Court should disrupt the

lead plaintiff's choice only when "necessary to protect the interests of the class." <u>In re Cendant</u>, 264 F.3d at 274.

The Plaintiff's selected law firms of Robbins Geller Rudman & Dowd LLP, Grant & Eisenhofer P.A., and Labaton Sucharow LLP all have substantial experience in litigating securities fraud class actions. The firms are extremely well-qualified, having recovered billions of dollars in several litigations and will protect the interests of the class.

### III. Conclusion

For the reasons stated above, Local 392's motion for appointment as lead plaintiff and for approval of Robbins Geller Rudman & Dowd LLP, Grant & Eisenhofer P.A., and Labaton Sucharow LLP as co-lead counsel is granted.

**SO ORDERED.**

Dated:   New York, New York
         October   , 2011

                                        _____
                                              JOHN F. KEENAN
                                        United States District Judge

lead plaintiff's choice only when "necessary to protect the interests of the class." In re Cendant, 264 F.3d at 274.

The Plaintiff's selected law firms of Robbins Geller Rudman & Dowd LLP, Grant & Eisenhofer P.A., and Labaton Sucharow LLP all have substantial experience in litigating securities fraud class actions. The firms are extremely well-qualified, having recovered billions of dollars in several litigations and will protect the interests of the class.

### III. Conclusion

For the reasons stated above, Local 392's motion for appointment as lead plaintiff and for approval of Robbins Geller Rudman & Dowd LLP, Grant & Eisenhofer P.A., and Labaton Sucharow LLP as co-lead counsel is granted.

**SO ORDERED.**

Dated:    New York, New York
          October 12, 2011

                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge